**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION**

| | |
|---|---|
| SUSAN GIANNOSA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs., ) | |
| ) | **MAGISTRATE** |
| STAFFMARK HOLDINGS, INC., a Delaware ) | |
| Corporation, d/b/a STAFFMARK, ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendant. ) | |

**COMPLAINT AT LAW**

**NOW COMES** the Plaintiff, SUSAN GIANNOSA, by her attorneys, ANDREOU & CASSON, LTD., and complains of the Defendant, STAFFMARK HOLDINGS, INC., a Delaware Corporation, d/b/a STAFFMARK as follows:

**PARTIES AND JURISDICTION**

1. Plaintiff, SUSAN GIANNOSA, ("Plaintiff") brings this action against the Defendant, STAFFMARK HOLDINGS, INC., a Delaware Corporation, d/b/a STAFFMARK ("Defendant") to remedy violations of the Age Discrimination in Employment Act (ADEA) 29 U.S.C.A. §621 *et seq.,* and for claims of retaliation for filing a charge before the Equal Employment Opportunity Commission ("EEOC") for said violations which resulted in the termination of Plaintiff from her employment with the Defendant.

2. Plaintiff is a 55 year-old, female (DOB: September 13, 1957) and at all times relevant to this Complaint was and remains a resident of the City of Elmwood Park, County of Cook and State of Illinois.

3. Defendant is a Delaware corporation engaged in the business of providing temporary and permanent staffing to about 6,000 clients across the United States and fills positions in areas such as light industrial, financial services and healthcare.

4. On information and belief, Defendant was sold to Japanese based Recruit Co., Ltd. and is currently headquartered at 435 Elm Street, Cincinnati, Ohio, 45202. Defendant is an "employer" within the meaning of 42 U.S.C.A. §2000e(b) and at all times relevant to this Complaint, employed Plaintiff at its facility in Rosemont, Illinois.

5. This Court has jurisdiction of this matter pursuant to 42 U.S.C.A. §2000e-5(f)(3), 29 U.S.C.A. §626 and 28 U.S.C.A. §1331.

6. Venue of this Cause of Action lies in the Northern District of Illinois pursuant to 28 U.S.C.A. §1391(b)(2) as all of the unlawful actions alleged herein occurred in this District.

7. All conditions precedent to jurisdiction have occurred. On August 8, 2011, the Plaintiff filed a Charge of Discrimination with the EEOC alleging violations of the ADEA. On February 9, 2012, Plaintiff filed an amended charge with the EEOC for ADEA violations and for retaliation for filing said claims with the EEOC.

8. Plaintiff received her Notice of Right to Sue on September 28, 2012. Copies of Plaintiff's Charge of Discrimination, Amended Charge of Discrimination and Notice of Right to Sue are attached hereto as Group Exhibit A.

**FACTS UPON WHICH CLAIMS ARE BASED**

9. Plaintiff is a female, age 55.

10. Plaintiff was employed by Defendant and was hired by Defendant on or about September 8, 2003.

11. Defendant is a recruiting/temporary agency that provides temporary workers to a wide variety of clients including in manufacturing, secretarial, accounting, among others.

12. Plaintiff was hired and was given the title of "Staffing Specialist"; Plaintiff's duties included: prequalifying candidates for placement with Defendant's clients; contacting Defendant's clients upon candidate prequalification; and matching Defendant's client requests with prequalified candidates to fill positions.

13. Plaintiff was subjected to one performance review per year and on each review occasion, received favorable reviews. In March of 2011, Plaintiff achieved the status of "Employee of the Month" and was recognized as such on Defendant's webpage.

14. In January of 2011, Kevin Thomas, a branch manager for Defendant and Plaintiff's branch manager, addressed Plaintiff and Plaintiff's co-worker, Katie Mallinson, and stated that Jennifer Barr and Lynn Mansuto were at a manager's meeting and Mr. Thomas reflected that Ms. Barr and Ms. Mansuto were "being groomed" to be branch managers.

15. When Plaintiff asked why Ms. Barr and Ms. Mansuto were being groomed as opposed to applying for the open position, Mr. Thomas stated that "They [upper management for Defendant] like them young and bubbly."

16. On information and belief, in January of 2011, Ms. Barr was 27 years-old and Ms. Mansuto was also 27 years-old.

17. Plaintiff was more experienced, had been with Defendant longer than Ms. Barr and Ms. Mansuto and was more qualified to be a branch manager.

18. On May 2, 2011, Plaintiff received an e-mail from Michael Flickinger, District Director of the Chicago Area for Defendant, notifying Plaintiff and others, that Ms. Barr had been promoted to the position of branch manager.

19. However, on April 29, 2011, Mr. Flickinger told Plaintiff and Ms. Mallinson that Ms. Barr had been promoted to branch manager. GAYE HENLEY, regional human resources director for Defendant was also in the meeting. When Plaintiff asked why the position had not been posted before Ms. Barr was promoted to give Plaintiff an opportunity to apply, Ms. Henley responded that the position had in fact been posted. Plaintiff asked for a copy of the posting but was never provided with a copy of same.

20. Plaintiff reviewed all job postings posted on Defendant's internal website looking for the branch manager position given to Ms. Barr from March 9, 2011 through September 27, 2011, and the position Ms. Barr had been promoted to was never posted.

21. Plaintiff contacted Ms. Barr to congratulate Ms. Barr on her promotion and Ms. Barr stated in a response e-mail that Ms. Barr was at the "Right place at the right time."

22. On or about June 6, 2011, Plaintiff contacted Suzanne Perry, Senior Vice President, Human Resources, for Defendant, via e-mail and inquired about what Plaintiff could do to grow with Defendant.

23. On or about June 7, 2011, Ms. Perry responded by directing Plaintiff to various job postings that were available within Plaintiff's geographical location.

24. On June 15, 2011, Plaintiff contacted Mr. Flickinger, via e-mail and asked to speak to Mr. Flickinger regarding the employment opportunities pointed out by Ms. Perry.

25. More specifically, Plaintiff was interested in also becoming a "branch manager" for a particular territory as by this time, Plaintiff had been with Defendant eight years and had been receiving many favorable reviews. Additionally, Plaintiff wanted to address Ms. Barr's promotion to branch manager and Mr. Thomas' reference to Defendant's preference for "young and bubbly" branch managers.

4

26. Mr. Flickinger never responded to Plaintiff's June 15, 2011, e-mail and never discussed any opportunities for promotion within Defendant for Plaintiff.

27. At all times relevant to this Complaint, it was the written policy of Defendant that all open positions for employment needed to be posted for at least three working days on Defendant's internal website and must be in compliance with Defendant's policies regarding equal opportunity employment for all of its applicants.

28. Said written policy was posted in Defendant's employee handbook, a copy which Plaintiff had reviewed upon her gaining employment with Defendant and which was available electronically on Defendant's internal website.

29. On August 4, 2011, a new branch manager position was posted on Defendant's internal website and was viewed by Plaintiff.

30. Plaintiff accordingly applied for the position on or about August 4, 2011, the day the position was posted. Plaintiff was on vacation in Las Vegas at the time but was able to post her application electronically.

31. Plaintiff returned from vacation on or about August 9, 2011, Plaintiff returned to work and was interviewed on or about August 10, 2011. On Friday September 8, 2011, Mr. Flickinger contacted the Plaintiff via telephone and informed her that she did not get the position of branch manager.

32. On August 8, 2011, Plaintiff filed a charge with the Equal Employment Opportunity Commission in regards to the circumstances surrounding Ms. Barr's promotion and alleged that Plaintiff was the victim of age discrimination. The EEOC charge was designated number 440-2011-05107.

33. On August 12, 2011, Plaintiff was written up by Defendant personnel as it was alleged that Plaintiff was not meeting her performance goals.

34. On August 15, 2011, Plaintiff was written up a second time regarding performance goals.

35. Only one other employee was written up for not meeting performance goals: Ms. Mallinson, who also had filed a charge with the EEOC for the Barr promotion.

36. On September 20, 2011, Plaintiff received an e-mail from Mr. Flickinger stating that the promotion Plaintiff sought had been given to Lynn Mansueto, the other 27 year-old with less experience who was also "being groomed" for the position along with Ms. Barr.

37. Ms. Mansueto had actually been given the promotion on June 2, 2011, before the actual job posting was even posted.

38. On September 27, 2011, Plaintiff was terminated from her position.

## COUNT I

## AGE DISCRIMINATION

39. Plaintiff repeats and re-alleges Paragraphs 1 through 38 above as its Paragraphs 1 through 38 of Count I as though fully plead hereat.

40. Defendant, acting by and through its agents during the course of and within the scope of their employment and/or agency, intentionally subjected Plaintiff to adverse employment actions, including but not limited to, terminating Plaintiff's employment.

41. Defendant acted intentionally in treating relatively younger employees more favorable than Plaintiff in the terms and conditions of their employment, including but not limited to the promotion of employees.

6

42. Plaintiff's promotions were denied in favor of younger, less experienced employees.

43. By treating younger employees more favorably in the terms of their conditions of their employment and by promoting only relatively younger employees, Defendant intentionally discriminated against Plaintiff on the basis of her age, in violation of the ADEA.

44. Plaintiff was denied promotions and was terminated because of her age.

45. As a proximate result of the actions complained of herein, Plaintiff has suffered loss of wages, compensation and benefits and as well as emotional distress.

WHEREFORE, the Plaintiff prays for judgment in her favor and against Defendant as follows:

a) that a finding be entered that Defendant intentionally discriminated against Plaintiff because of her age in violation of the ADEA;

b) that Plaintiff be awarded all wages, benefits, and other compensation due to her as a result of the discriminatory conduct of Defendant;

c) that Plaintiff be reinstated to her position or to a comparable position, and if reinstatement is not feasible, that this Court award Plaintiff front pay in lieu thereof;

d) that Plaintiff be awarded reasonable attorneys fees and costs;

e) that Plaintiff be awarded prejudgment interest; and,

f) that Plaintiff be awarded such other relief as this Court may deem just and proper.

## COUNT II

### AGE DISCRIMINATION (WILFULL CONDUCT)

46. Plaintiff repeats and re-alleges Paragraphs 1 through 45 above as its Paragraphs 1 through 38 of Count II as though fully plead hereat.

47. By terminating Plaintiff's employment, Defendant knew and/or showed reckless disregard for the matter of whether its conduct complained of was prohibited by the ADEA.

WHEREFORE, the Plaintiff prays for judgment in her favor and against Defendant as follows:

a) that a finding be entered that Defendant intentionally discriminated against Plaintiff because of her age in violation of the ADEA;

b) that Plaintiff be awarded all wages, benefits, and other compensation due to her as a result of the discriminatory conduct of Defendant;

c) that Plaintiff be reinstated to her position or to a comparable position, and if reinstatement is not feasible, that this Court award Plaintiff front pay in lieu thereof;

d) that Plaintiff be awarded reasonable attorneys fees and costs;

e) that Plaintiff be awarded prejudgment interest;

f) that Plaintiff be awarded punitive damages; and,

f) that Plaintiff be awarded such other relief as this Court may deem just and proper.

## COUNT III

### Retaliation for Exercising Rights

### AGE DISCRIMINATION (WILFULL CONDUCT)

46. Plaintiff repeats and re-alleges Paragraphs 1 through 45 above as its Paragraphs 1 through 38 of Count III as though fully plead hereat.

47. Upon her termination from her employment with Defendant, Defendant offered a severance package to Plaintiff which included a stipulation that in exchange for consideration in severance, Plaintiff would dismiss her EEOC charge.

48. Plaintiff was terminated for filing a charge and amended charge before the EEOC complaining of violations of the ADEA by Defendant.

WHEREFORE, the Plaintiff prays for judgment in her favor and against Defendant as follows:

a) that a finding be entered that Defendant intentionally discriminated against Plaintiff because of her age in violation of the ADEA;

b) that a finding be entered that Defendant intentionally retaliated against Plaintiff for complaining to the EEOC of the intentional discrimination based on Plaintiff's age in violation of the ADEA;

c) that Plaintiff be awarded all wages, benefits, and other compensation due to her as a result of the discriminatory conduct of Defendant;

d) that Plaintiff be reinstated to her position or to a comparable position, and if reinstatement is not feasible, that this Court award Plaintiff front pay in lieu thereof;

e) that Plaintiff be awarded reasonable attorneys fees and costs;

f) that Plaintiff be awarded prejudgment interest;

g) that Plaintiff be awarded punitive damages; and,

h) that Plaintiff be awarded such other relief as this Court may deem just and proper.

## JURY DEMAND

The Plaintiff hereby demands a trial by a jury.

Respectfully submitted,

ANDREOU & CASSON, LTD.

By: ***/s/Frank J. Andreou***
       Frank J. Andreou

ARDC 6228760
Frank J. Andreou
Andreou & Casson, Ltd.
Attorneys for Plaintiff
661 West Lake Street, Suite 2N
Chicago, Illinois 60661
Main: 312.935.2000
Facsimile 312.935.2001
Direct: 312.935-5480
fandreou@andreou-casson.com
www.andreou-casson.com